JAMES H. BURGESS, Judge of Probate,

*vs.*

THE AMERICAN BOND & TRUST COMPANY et al.

Penobscot.    Opinion December 31, 1907.

*Actions. Surviving Partners. Declarations. Averments. Amendments. R. S.,*
*chapter 71, section 3; chapter 74, sections 10, 13.*

It is indispensable to the maintenance of an action of debt on a probate bond given to the Judge of Probate by a surviving partner and which is brought in the name of the Judge of Probate for the benefit of a person who claims as judgment creditor, that the person who originated the suit shall come within the designation and requirements of Revised Statutes, chapter 74, sections 10 and 13.

The official bond given by a surviving partner is to secure the proper administration of the firm assets and not the individual liability of the surviving partner.

A surviving partner stands in two positions in each of which he may be liable for the debts of the partnership and so subject to an action at law. First, as surviving partner he is individually liable at common law. Second, as administrator of the partnership estate he might be liable by statute.

When it is intended that a suit against a surviving partner shall be against him in his purely statutory capacity of surviving partner, the declaration should clearly indicate such intention by proper averments and in such case the judgment should be against him and the goods and estate of the partnership in his hands and under his official administration.

When a declaration and a judgment against a surviving partner omits essential recitals distinguishing between his statutory liability under the protection of his probate bond and his common law liability as surviving partner, and the declaration and judgment together make a consistent record of an action against him individually, the designation "surviving partner" being merely descriptio personae, the record cannot be amended so as to meet the statutory requirements without setting out a different cause of action.

On report.    Judgment for defendants.

Debt on probate bond given to the Judge of Probate of Penobscot County by John Grady as surviving partner of the firm of

Davis & Grady, brought in the name of the Judge of Probate for the benefit of Marie Morton and Charlotte Davenport and Morse & Co., who claimed as judgment creditors. Plea, the general issue with brief statement "that the creditors for whose benefit this action is brought have not had the amount of their several claims ascertained by judgment of law against said defendant, John Grady, as administrator of the partnership estate of Grady & Davis, and against the goods and effects of said partnership in his hands as such administrator and are not persons interested in the bond in suit, within the meaning of the statute in such case made and provided."

Heard at the April term, 1907, of the Supreme Judicial Court, Penobscot County. At the conclusion of the evidence the case was reported to the Law Court for determination with the stipulation that such judgment should be rendered by the Law Court as the law and the legally admissible evidence require.

·The case appears in the opinion. ·

*Henry L. Mitchell*, for plaintiff.

*Terence B. Towle and Charles A. Bailey*, for defendants.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, JJ.

PEABODY, J. This case is on report. It is an action of debt on a probate bond given to the Judge of Probate of Penobscot County by John Grady as surviving partner of the firm of Davis & Grady brought in the name of the Judge of Probate for the benefit of Marie Morton and Charlotte Davenport and Morse & Co., who claim as judgment creditors.

It is alleged by the defendants in a brief statement under the plea of general issue "that the creditors for whose benefit this action is brought have not had the amount of their several claims ascertained by judgment of law against said defendant, John Grady, as administrator of the partnership estate of Grady & Davis and against the goods and effects of said partnership in his hands as such administrator and are not persons interested in the bond in suit within the meaning of the statute in such case made and provided." It is

indispensable to the maintenance of this suit that the persons who have originated it shall come within the designation and requirements of R. S., chap. 74, secs. 10 and 13.

By R. S., chap. 71, sec. 3 "the parties interested (in the bond of a surviving partner) have the like remedies on his bond, as if he were an administrator."

It appears from the evidence reported that John Grady qualified as surviving partner of the firm of Davis & Grady by giving a bond in the sum of $15,000 ; that he returned an inventory February term 1902 showing assets of $1225.50 ; that he has not made any return to or filed any account in said court relating to the partnership estate.

The plaintiffs, Morse & Co., on April 22nd, 1903, recovered judgment by default in a common law action of assumpsit against John Grady of Bangor in the County of Penobscot, surviving partner of the late firm of Davis & Grady, a partnership composed of said Grady and one James M. Davis late of said Bangor, deceased, for the sum of $881.93 debt or damage and $32.82 costs of suit. The plaintiffs, Morton and Davenport, on October 30, 1903, recovered judgment in similar form for $1600 debt or damage and $9.89 costs of suit.    These judgments followed the declaration of the writ in each instance which was against the surviving partner but not specifically against the goods and estate of the partnership in his hands.    The officer's return of the execution in each instance shows a demand which is a sufficient compliance with the statute.

The only question, therefore, is whether the plaintiffs have established their claims by judgments against the principal defendant in his trust capacity, so as to fulfill the requirements of the statute.

The defendant Grady as surviving partner stood in two positions in each of which he might have been liable for the debts of the partnership and so subject to an action at law.    In the first place as surviving partner he was individually liable at common law.    In the second place as administrator of the partnership estate, an administrative office for which the statute has provided no distinguishing name when it is held by the surviving partner himself by appointment of the Probate Court, he might be liable by statute.

The official bond is to secure the proper administration of the firm assets and not the individual liability of the surviving partner.

The declarations should have clearly indicated by proper averments that a suit against the defendant in the purely statutory capacity of surviving partner was intended, and the judgments should have been against him and the goods and estate of the late partnership in his hands and under his official administration.

But it is contended that the judgments, if erroneous in this respect, may be amended.

A judgment entered against a defendant as administrator instead of against the goods and estate of the intestate may be amended so that its legal effect may follow the declaration of the writ. *Atkins* v. *Sawyer*, 1 Pick. 351; *Hardy* v. *Call*, 16 Mass. 529; *Piper* v. *Goodwin*, '23 Maine, 251; *Baker* v. *Moor*, 63 Maine, 443; *Ticonic National Bank* v. *Turner*, 96 Maine, 380. In such a case the defect would be merely formal, but in the present instance the declarations and judgments against the defendant, Grady, omitted essential recitals distinguishing between his statutory liability under the protection of his probate bond and his common law liability as surviving partner. The declarations and judgments together make a consistent record of actions against him individually, the designation "surviving partner" being merely descriptio personae. The record in this case could not be amended so as to meet the statutory requirements without setting out a different cause of action.

*Judgment for defendant.*